PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MADE IN THE USA FOUNDATION, the
class of all consumers in the State
of Maryland who have purchased
frozen Phillips Maryland Style Crab
Cakes or have dined at Phillips
Seafood Restaurants during the past
three years,

*Plaintiff-Appellant,*

v.

PHILLIPS FOODS, INC.; PHILLIPS
SEAFOOD GRILL, INCORPORATED,

*Defendants-Appellees.*

No. 03-1752

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(CA-02-1290-L)

Argued: January 22, 2004

Decided: April 19, 2004

Before WILKINS, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

Affirmed by published opinion. Judge Michael wrote the opinion, in
which Chief Judge Wilkins and Judge Widener joined.

## COUNSEL

**ARGUED:** Joel David Joseph, JOSEPH & ASSOCIATES, Bethesda,
Maryland, for Appellant. Joseph Paul Esposito, AKIN, GUMP,

STRAUSS, HAUER & FELD, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Michael L. Converse, AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P., Washington, D.C., for Appellees.

---

## OPINION

MICHAEL, Circuit Judge:

After concluding that consumers lack standing to sue under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the district court dismissed a consumer group's claim alleging false advertisement in violation of the Act. We affirm.

## I.

Made in the USA Foundation (or "the Foundation") filed its complaint against Phillips Foods, Inc. in the District of Maryland, on April 15, 2002. In our de novo review of the district court's decision to dismiss the Foundation's Lanham Act claim for lack of standing, we "accept as true all material [factual] allegations of the complaint," and we "construe [it] in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The facts are straightforward and brief. Made in the USA Foundation is a nonprofit consumer organization with headquarters in Montgomery County, Maryland. The Foundation has 60,000 members who buy, to the extent possible, products that are made in the United States. Defendant Phillips Foods, Inc., a Maryland corporation, makes packaged crab cakes that it sells wholesale to grocery stores and other retail establishments. In the three-year period before the Foundation sued, it and its members bought packages of Phillips Foods' crab cakes that were labeled "Made in the USA." These crab cakes, however, were made with 90 percent Asian crabmeat.

In its first claim, brought under the Lanham Act, the Foundation alleges that Phillips Foods mislabeled its crab cake packages by falsely designating the country of origin, in violation of 15 U.S.C. § 1125. The Foundation asserts that it and its members were harmed by this misrepresentation because they bought Phillips Foods' crab

cakes "believing them to be Made in the USA when they were actually imported from Thailand and other nations." J.A. 9a. The Foundation also asserts two state law claims, accusing Phillips Foods of intentional misrepresentation and deceptive trade practices.

Phillips Foods filed a motion to dismiss on the ground that consumers do not have standing to sue under the Lanham Act. The district court agreed, stating that "the Lanham Act is [only] intended to provide a private remedy to a commercial plaintiff whose commercial interests are being harmed." J.A. 14a. Noting that Made in the USA Foundation "does not dispute that it is suing as a consumer," J.A. 14a, the court dismissed the Foundation's federal claim. Thereafter, the court dismissed the two state law claims, declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). The Foundation appeals the dismissal of the federal (Lanham Act) claim.

## II.

Made in the USA Foundation brought this action "as a consumer and as a representative of consumers." Appellant's Brief at 8. The Foundation argues that broad wording in § 43(a) of the Lanham Act confers standing on consumers who are damaged by false commercial advertising. The pertinent language is this: "Any person who . . . uses in commerce . . . any false designation of origin . . . which . . . in commercial advertising or promotion misrepresents the . . . geographic origin of his or her or another person's goods . . . shall be liable in a *civil action by any person* who believes that he or she is . . . damaged by such act." 15 U.S.C. § 1125(a) (emphasis added). According to the Foundation, the words "civil action by any person" make it a proper plaintiff to sue Phillips Foods for falsely advertising that its crabmeat product is made in the United States. There is another relevant provision, however. Section 45 of the Lanham Act states that "[t]he intent of [the Act] is . . . to protect persons engaged in [congressionally regulated] commerce against unfair competition." *Id.* § 1127.

At least half of the circuits hold (and none of the others disagree) that the second of these Lanham Act provisions, § 45, or 15 U.S.C. § 1127, bars a consumer from suing under the Act. The Second Circuit, in *Colligan v. Activities Club of New York*, 442 F.2d 686 (2d Cir. 1971), was the first to decide this. According to the Second Circuit,

§ 45 identifies those "'engaged in . . . commerce'" as "the class of persons to be protected by the Act." *Id.* at 691 (quoting 15 U.S.C. § 1127). The decision thus concludes:

> Congress' purpose in enacting § 43(a) was to create a special and limited unfair competition remedy, virtually without regard for the interests of consumers generally and almost certainly without any consideration of consumer rights of action in particular. The Act's purpose, as defined in § 45, is exclusively to protect the interests of a purely commercial class against unscrupulous commercial conduct.

*Id.* at 692 (footnotes omitted). Other circuits have followed the Second in denying Lanham Act standing to consumers. *See Proctor & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 561 (5th Cir. 2001) (Section 45 of the Lanham Act "makes clear that the focus of the statute is on anti-competitive conduct in a commercial context," and the Act "limit[s] standing to a narrow class of potential plaintiffs possessing [competitive or commercial] interests" harmed by the targeted conduct) (quoting *Conte Bros. Automotive, Inc. v. Quaker-State Slick 50, Inc.*, 165 F.3d 221, 229 (3d Cir. 1998)); *Stanfield v. Osborne Indus.*, 52 F.3d 867, 873 (10th Cir. 1995) ("to have standing for a false advertising claim [under the Lanham Act], the plaintiff must be a competitor of the defendant and allege a competitive injury"); *Serbin v. Ziebart Int'l Corp., Inc.*, 11 F.3d 1163, 1179 (3d Cir. 1993) (when Congress passed the Lanham Act, it "did not contemplate that federal courts should entertain claims brought by consumers"); *Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 700 (7th Cir. 1989) (same); *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995) (same).

We have found one case, *Camel Hair and Cashmere Institute of America, Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6 (1st Cir. 1986), that at first glance looks favorable to the Foundation. It is of no help in the end, however. In *Camel Hair* a trade group of cashmere garment producers filed a Lanham Act case alleging that a coat manufacturer was misrepresenting the cashmere content of one of its product lines. In discussing standing, the First Circuit said: "the plaintiff [must have] a reasonable interest in being protected [against false advertising]. . . . [I]t is [not enough] for the plaintiff merely to estab-

lish a falsehood in the defendant's advertising or marketing; the plaintiff must also show a link or nexus between itself and the alleged falsehood." *Id.* at 11-12. The court concluded that the trade group had standing: "[although] none of the [group's] members compete with the defendant . . . their position as manufacturers and vendors of fabric and clothing containing cashmere gives them a strong interest in preserving cashmere's reputation as a high quality fibre." *Id.* at 12. The First Circuit's *Camel Hair* decision does not say that consumers are barred from suing under the Lanham Act; that was not necessary, however, because the cashmere garment producers were not a consumer group. The underlying message of the decision is that a Lanham Act plaintiff must be suing to protect a commercial interest.

*Camel Hair* would make this a more difficult case if Made in the USA Foundation was a trade group of crabmeat producers. But it is not; it is simply a consumer group that has failed to "premise [its] claims upon any contention that [it has] been damaged or [is] likely to be damaged in any commercial activity." *Dovenmuehle*, 871 F.2d at 700. At most, *Camel Hair* reveals that there might be some marginal differences in the circuits about what qualifies as a commercial or competitive interest for standing purposes under the Lanham Act. *Compare Berni v. Int'l Gourmet Restaurants of America, Inc.*, 838 F.2d 642, 648 (2d Cir. 1988) ("Although a [Lanham Act] plaintiff need not be a direct competitor . . . standing to bring a . . . claim requires the potential for commercial or competitive injury.") *with Stanfield*, 52 F.3d at 873 ("[Lanham Act] plaintiff must be a competitor of the defendant and allege a competitive injury"). In any event, the several circuits that have dealt with the question are uniform in their categorical denial of Lanham Act standing to consumers. *See Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1383 n.5 (5th Cir. 1996) ("we have found no case which suggests that 'consumers' as such have standing under § 43(a)").

This is the first time we have been presented with the consumer standing issue. However, in an earlier case involving commercial parties, we noted in passing that the Lanham Act is "a private remedy [for a] commercial plaintiff who meets the burden of proving that its commercial interests have been harmed by a competitor's false advertising." *Mylan Laboratories, Inc. v. Maktari*, 7 F.3d 1130, 1139 (4th Cir. 1993) (*quoting Sandoz Pharmaceuticals Corp. v. Richardson-*

*Vicks, Inc.*, 902 F.2d 222, 230 (3d Cir. 1990)). Our statement in *Mylan Laboratories* is consistent with the basic approach of other circuits that requires the Lanham Act plaintiff to be engaged in commercial activity. We endorse that approach today and hold that a consumer does not have standing under the Lanham Act to sue for false advertising. Because Made in the USA Foundation sues as a consumer and as a representative of consumers, we affirm the district court's order dismissing, for lack of standing, the Foundation's Lanham Act claim.

*AFFIRMED*